**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Aetna Health Management, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AIDS Healthcare Foundation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 3:26-cv-0044 |

**COMPLAINT**

Plaintiff Aetna Health Management, LLC ("Aetna"), by its counsel, complains as follows against Defendant AIDS Healthcare Foundation ("AHF"):

**NATURE OF CASE**

1. This case arises from AHF's refusal to pay Aetna money that AHF owes Aetna under a written contract between the parties.

2. In 2019, Aetna and AHF entered into a Medicare Part D Pharmacy Network Agreement (the "Agreement").

3. Under the Agreement, AHF agreed to participate in Aetna's Medicare Part D networks as a pharmacy and to provide prescription drugs to Aetna's members in accordance with the terms of the Agreement.

4. In 2022, Aetna and AHF entered into Amendment No. 3 to the Agreement ("Amendment No. 3").

5. Amendment No. 3 outlined AHF's compensation under the Agreement and defined Aetna's "Annual True-Up" of contractual brand-effective-rate and generic-effective-rate ("GER") calculations for the prior calendar year.

6. In or around June 2024, Aetna sent AHF the "Annual-True Up" for plan year 2023 identifying the outstanding balance of $7,569,601.64 that AHF owed Aetna under Amendment No. 3.

7. To date, AHF has failed to pay Aetna this outstanding balance.

8. As a result of AHF's conduct, Aetna has sustained monetary damages of no less than $7,569,601.64.

**PARTIES**

9. Aetna is a limited-liability company organized under the laws of Delaware with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut.

10. Aetna provides a range of health-insurance and benefits products, including medical, dental, vision, and pharmacy plans for individuals and employers.

11. The sole member of Aetna is Aetna Health Holdings, LLC.

12. Aetna Health Holdings, LLC, is a limited-liability company organized under the laws of Delaware with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut.

13. The sole member of Aetna Health Holdings, LLC, is Aetna Inc.

14. Aetna Inc. is a corporation incorporated in Pennsylvania with its principal place of business at 151 Farmington Avenue, Hartford, Connecticut.

15. AHF is a California not-for-profit corporation incorporated in California with its principal place of business at 6255 Sunset Boulevard, 21st Floor, Los Angeles, California 90028.

16. AHF owns and operates retail pharmacies across the country that serve HIV/AIDS patients, including patients enrolled in the Medicare Part D prescription-drug program.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

18. This Court has personal jurisdiction over AHF because (a) AHF consented to personal jurisdiction in this Court in the Agreement, and, alternatively, (b) AHF's dispute with Aetna arises out of a contract with a significant nexus to Connecticut because the contract was negotiated and executed, in part, in Connecticut and contemplated an ongoing business relationship between AHF and Aetna in which significant contractual performance would occur in Connecticut through Aetna's corporate offices, and corporate personnel, in Connecticut.

19. Venue is proper in this Court under 28 U.S.C. § 1391 because (a) the district in which this Court is located is a district in which AHF consented to personal jurisdiction, and, for venue purposes, an entity resides in any judicial district where it is subject to a court's personal jurisdiction with respect to the civil action in question, *see* 28 U.S.C. § 1391(b)(1); 28 U.S.C. § 1391(c)(2), and, alternatively, (b) the district in which this Court is located is one "in which a substantial part of the events or omissions giving rise to the claim[s] occurred" because this dispute relates to AHF's participation in various pharmacy networks that Aetna administers and maintains in Connecticut, Aetna's principal place of business, *see* 28 U.S.C. § 1391(b)(2).

20. Connecticut law applies to this action. *See* Ex. A, Agreement § 8.15 ("Except to the extent federal law applies or preempts otherwise Law that is state law, this Agreement shall be governed by, and construed in accordance with, the laws of the State of Connecticut, without regard to its conflict of law provisions of any jurisdiction.").

## FACTUAL ALLEGATIONS

### *The Agreement*

21. On or about November 8, 2019, Aetna and AHF entered into the Agreement.

22. A true and correct copy of the Agreement is attached to this complaint as **Exhibit A**.

23. Under the Agreement, AHF agreed to participate in Aetna's Medicare Part D networks and to provide "Covered Drugs" to Aetna's members in accordance with the terms and conditions in the Agreement. Ex. A, Agreement, p. 3, § 2.1.

24. The Agreement defines a "Covered Drug" as "a product that is covered under the applicable Part D Product and shall include all services usually and customarily rendered by Retail Pharmacies in the normal course of business, including counseling and product consultation." Ex. A, Agreement, p.1, § 1.5.

25. With respect to AHF's compensation under the Agreement, the Agreement states, "Pharmacy acknowledges and agrees that PBM Vendor will adjudicate claims at the point of sale and compensate Pharmacy in accordance with Schedule A-1 . . . ." Ex. A, Agreement, p. 5, § 3.1.

26. The Agreement defines "PBM Vendor" as "the applicable pharmacy benefit manager with which Aetna contracts for the administration of the Part D Products, which as of the Effective Date of this Agreement is CVS Health." Ex. A, Agreement, p. 2, § 1.16.

27. Schedule A-2 of the Agreement contains terms and conditions titled "Terms and Conditions Under Schedule A-2." Ex. A, Agreement, p. 16.

28. The Terms and Conditions Under Schedule A-2 state that, on an annual basis, Aetna will calculate the GER for the prior calendar year and provide an overall annual GER-calculation report to AHF in a "True-Up Report." Ex. A, Agreement, p. 16, § 2.1.

29. The Terms and Conditions Under Schedule A-2 also provide that the True-Up Report will identify any overpayment or underpayment to Aetna. Ex. A, Agreement, p. 16, § 2.1.

***Amendment No. 3***

30. On or about March 8, 2022, AHF and Aetna entered into Amendment No. 3 to the Agreement.

31. A true and correct copy of Amendment No. 3 is attached to this complaint as **Exhibit B**.

32. Schedule A-2 of Amendment No. 3 contains terms and conditions titled "Terms and Conditions Under Schedule A-2" related to the Agreement's effective-rate guarantees.

33. Like the Agreement, Amendment No. 3's Terms and Conditions Under Schedule A-2 require Aetna to provide AHF with an "Annual True-Up Report" identifying any overpayment or underpayment for the prior plan year. Ex. B, Amendment No. 3, (Terms and Conditions Under Schedule A-2), § 2.2.

34. Amendment No. 3.'s Terms and Conditions Under Schedule A-2 also provide that, if AHF disputes the Annual True-Up Report, AHF must provide written notice of the dispute to Aetna within thirty days of receiving the Annual True-Up Report. Ex. B, Amendment No. 3, (Terms and Conditions Under Schedule A-2), § 2.2.

***The 2022 Annual True-Up Report and the 2023 Annual True-Up Report***

35. On or about June 30, 2023, Aetna sent AHF a copy of the 2022 Annual True-Up Report, which reflected that AHF owed Aetna $6,500,707.30 in reconciliations.

36. AHF did not dispute the 2022 Annual True-Up Report and paid the full reconciliation amount to Aetna.

37. On or about June 30, 2024, Aetna sent AHF a copy of the 2023 Annual True-Up Report, which reflected that AHF owed Aetna $10,755,527.85 for the 2023 plan year, $3,185,926.21 of which had been collected during the plan year, resulting in a balance of $7,569,601.64.

38. A true and correct copy of the 2023 Annual True-Up Report is attached to this complaint as **Exhibit C**.

39. AHF did not dispute the 2023 Annual True-Up Report within thirty days of receiving the report.

40. Amendment No. 3 states that if AHF does not timely dispute the Annual True-Up Report, then the report becomes the "Final Annual True-Up Report." Ex. B, Amendment No. 3, (Terms and Conditions Under Schedule A-2), § 2.3.

41. If the Final Annual True-Up Report identifies an underpayment to AHF, then Aetna must remit payment to AHF within thirty days of the Final Annual True-Up Report becoming final. Ex. B, Amendment No. 3, (Terms and Conditions Under Schedule A-2), § 2.4.

42. If the Final Annual True-Up Report identifies an overpayment to AHF, then AHF must remit payment to Aetna in the amount of the overpayment identified on the Final Annual True-Up Report within thirty days of the Final Annual True-Up Report becoming final. *Id*.

43. AHF failed to remit payment to Aetna for the amounts identified in the Final Annual True-Up Report within thirty days of the Final Annual True-Up Report becoming final.

44. On November 13, 2024, Aetna issued a demand for payment to AHF for $7,569,601.64.

45. A true and correct copy of Aetna's demand for payment is attached as **Exhibit D**.

46. To date, AHF has failed to pay Aetna the $7,569,601.64 demanded by Aetna.

## CAUSES OF ACTION

### COUNT I
### (Breach of Contract)

47. Aetna incorporates the allegations in paragraphs 1 through 46 by reference as if fully stated in this paragraph.

48. The Agreement and Amendment No. 3 are a valid and enforceable contract between Aetna and AHF.

49. At all times, Aetna has fulfilled its obligations under the Agreement and Amendment No. 3.

50. AHF materially breached the Agreement and Amendment No. 3 by failing to timely remit payment to Aetna in accordance with the 2023 Final Annual True-Up Report, as required by section 2.4 of Amendment No. 3's Terms and Conditions Under Schedule A-2.

51. As a direct and proximate result of AHF's material breach of the Agreement and Amendment No. 3, Aetna has been damaged in an amount to be determined at trial, but not less than $7,569,601.64.

### COUNT II
### (Account Stated)

52. Aetna incorporates the allegations in paragraphs 1 through 46 by reference as if fully stated in this paragraph.

53. On or about June 30, 2024, Aetna sent AHF an Annual True-Up Report reflecting amounts due and owing to Aetna for plan year 2023. *See* Ex. C, 2023 Annual True-Up Report.

54. The 2023 Annual True-Up Report identifies the $7,569,601.64 overpayment Aetna made to AHF in plan year 2023 and states that AHF owed Aetna $7,569,601.64.

55. AHF failed to dispute, object to, or question the 2023 Annual True-Up Report.

56. The 2023 Annual True-Up Report Aetna sent AHF constitutes an account stated for overpayment Aetna made to AHF for plan year 2023.

57. As a direct result of AHF's refusal to pay Aetna the reconciliation amount identified in the 2023 Annual True-Up Report, Aetna has been damaged in an amount to be determined at trial, but not less than $7,569,601.64.

**PRAYER FOR RELIEF**

**FOR THESE REASONS**, either independently or in combination, Aetna respectfully requests that this Court enter an order:

(a) awarding judgment in its favor for a sum not less than $7,569,601.64;

(b) awarding it all pre- and post-judgment interest to which it is entitled; and

(c) granting any other relief in Aetna's favor that the Court deems just.

Dated: January 9, 2026

Respectfully Submitted,

AETNA HEALTH MANAGEMENT, LLC

By and through its attorneys,

*/s/ Jessica S. Jewell*
*Counsel for Plaintiff*

Jessica S. Jewell (29267)
Nixon Peabody LLP
One Citizens Plaza, Ste. 500
Providence, RI 02903
Telephone: (401) 454-1046
jsjewell@nixonpeabody.com

Kevin P. Shea (Visiting Attorney Motion to be submitted)
Seth A. Horvath (Visiting Attorney Motion to be submitted)
Elizabeth Z. Meraz (Visiting Attorney Motion to be submitted)
Katherine F. Letcher (Visiting Attorney Motion to be submitted)

Nixon Peabody LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602
Telephone: 312-977-4400
kpshea@nixonpeabody.com
sahorvath@nixonpeabody.com
ezmeraz@nixonpeabody.com
kletcher@nixonpeabody.com